[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 18, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11652
Non-Argument Calendar

_____

D. C. Docket No. 96-00221-CR-T-17MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD B. MAESTRELLI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 18, 2005)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Richard Maestrelli appeals the district court's denial of his request for

adjustment of his restitution obligation to zero, pursuant to 18 U.S.C. § 3664(k), an adjustment he sought on the ground that he and the victim (actually an assignee of the victim) had reached a settlement agreement in which the remaining restitution obligation of $674,781.00 would be discharged in return for Maestrelli's payment of $8000.00. Maestrelli took the position that the settlement constituted a material change in his economic circumstances.

On appeal, Maestrelli contends that, under established principles of statutory construction, § 3664(k) should be construed broadly to allow a settlement between a defendant and a victim to constitute a "material change in the defendant's economic circumstances" within the meaning of that provision. He argues that the primary goal of restitution is to compensate the victim, and that goal would be furthered by permitting district courts to discharge a defendant's restitution obligation based upon a settlement between he and the victim. Maestrelli also argues that, because the district court had encouraged him to reach "some understanding" with the victim, the court's decision that it lacked jurisdiction to ratify the private settlement by modifying the restitution order rendered the court's previous instructions a nullity. Finally, Maestrelli asserts that the court's decision violates the principle that statutes should be interpreted to avoid absurd results.

Pursuant to 18 U.S.C. § 3664(k), a defendant who is ordered by the district

court to pay restitution may notify the court "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." And "[u]pon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k).

We have held that, while "restitution resembles a judgment for the benefit of a victim, it is penal, rather than compensatory." United States v. Johnson, 983 F.2d 216, 220 (11th Cir. 1993) (quotation omitted). Moreover, "[r]estitution is not a civil matter; it is a criminal penalty meant to have strong deterrent and rehabilitative effect." United States v. Hairston, 888 F.2d 1349, 1355 (11th Cir. 1989). That argues against permitting private settlements to wipe out restitution orders that are entered as part of the penalty in a criminal case. Besides, the district court's statements at sentencing clearly indicated to Maestrelli that he was to pay the entire amount of restitution. He knew that when he negotiated the private settlement with the victim's assignee.

We have held that prior civil settlements should be considered by the district court in formulating its restitution order. See id. (holding that the district court properly considered the civil settlement between the defendant and the victim and

credited the defendant's restitution in the amount he paid toward the civil settlement). However, we have also held that a victim's receipt of partial compensation does not preclude the court from ordering more restitution. United States v. Twitty, 107 F.3d 1482, 1493 n.12 (11th Cir. 1997) (rejecting the defendant's argument that its settlement with the victim, in which the victim absolved the defendant of any future liability for the claims involved in the civil suit, precluded an order of restitution by the criminal court).

Maestrelli's position flies in the face of the plain language of § 3664(k), which provides no basis for the discharge of an entire restitution obligation on grounds of a negotiated partial payment. The clear language of § 3664(k) allows a defendant to notify the court of any change in his economic circumstances that might affect his ability to pay restitution. 18 U.S.C. § 3664(k) (emphasis added). The last sentence of that provision states that, upon notification of changed economic circumstances that might affect the defendant's ability to pay restitution, the court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). Maestrelli requested a discharge of his restitution based on an asserted change in his obligation to pay, not any change in his ability to pay. The statute permits a change based on the latter but not the former. Despite Maestrelli's numerous policy-based arguments

4

contending that we should interpret § 3664(k) to allow a private settlement to constitute a "change in economic circumstances," we will not disregard the plain language of a statute or modify it to conform to our views of the best policy. See United States v. Trainor, 376 F.3d 1325, 1330 (11th Cir. 2004); Harry v. Marchant, 291 F.3d 767, 772 (11th Cir. 2002) (en banc).

Even assuming that district courts could consider post-imposition settlements as they can consider pre-imposition ones, that would not compel the conclusion Maestrelli is due to be released entirely from the obligations of the restitution order. In pre-imposition circumstances we have held that partial compensation of the victim does not preclude the court from ordering restitution of the remaining amount. See Twitty, 107 F.3d at 1493 n.12. Therefore, even if settlements entered into after restitution has been imposed could be considered by the district court under 18 U.S.C. § 3664(k), the court would be permitted only to credit the defendant's restitution order in the amount that had been paid in the settlement; it would not be authorized to discharge the restitution obligation completely, which is what Maestrelli sought. See Hairston, 888 F.2d at 1355. The court did credit the $8,000 Maestrelli paid in the settlement against the balance owed on the total amount of restitution he had been ordered to pay; the court did so by noting in its order that he had paid $33,600 up to that date, a total amount which

included the $8,000.  That was the outer limits of the court's authority to grant Maestrelli any relief as a result of the $8,000 he had paid in the private settlement.

For these reasons, the district court did not err in determining that under 18 U.S.C. § 3664(k) it could not discharge Maestrelli's restitution obligation on the ground he asserted.

**AFFIRMED.**